[Civ. No. 8111. Second Appellate District, Division One.—August 16, 1934.]

LOIS WEBB, Respondent, v. D. S. DeVAN, as Executor, etc., Appellant.

Joseph J. Lewinson, O'Melveny, Tuller & Myers, Paul E. Schwab, Fredericks, Hanna &· Morton and Percy V. Clibborn for Appellant.

Chapman & Chapman for Respondent.

YORK, J.—This action was brought in order to establish a claim against the estate of R. Fred Vogel, deceased, based upon a promissory note for $25,000, executed by decedent in his lifetime in favor of the plaintiff.

Upon conclusion of the trial in the lower court, it was found to be untrue that the execution of the note was obtained by undue influence, or that it was without consideration to the decedent. It was found that plaintiff was regularly employed by decedent as secretary from about the year 1910 until the early part of 1925, when she ceased to be in his employ, and was not again regularly employed by him until she returned to him in the same capacity in March of 1928, pursuant to agreement between plaintiff and said decedent which resulted in the giving of the note sued upon in this action, and she remained in his employ in that capacity up to the time of decedent's death. The court also found that during the period when she was not regularly employed by decedent, the plaintiff was occasionally employed by him to assist in the preparation of his income tax returns and in the matter of the payment of state and county taxes and special assessments; and that during the period of her regular employment it was incumbent upon her, as a part of her duties, to assist in maintaining tenants in decedent's various properties, collect the rents thereof and assist in clerical or other work called upon to perform, but that it was not true that she was ever employed or acted as manager of decedent's properties, nor did she occupy a position or relationship of a confidential or fiduciary or trust character, and at the time the note was executed there was no confidential or trust relationship existing between plaintiff and decedent. It was found that in addition to the business relations existing between them, plaintiff and decedent sustained to some extent social or friendly relations; but that it is not true that plaintiff, by reason of any professional or business or social relations existing between them, exercised or exerted over decedent on the seventeenth day of March, 1928 (the date of the execution of the note), or for any period of time prior thereto, nor at any time thereafter, a dominating or controlling influence.

As conclusions of law from the foregoing findings of fact the court declared that the plaintiff was entitled to judgment to the effect that the claim presented against the estate of decedent is a valid claim against defendant, as executor of said estate, and that said claim be established and allowed and that the executor be required to pay the same in accordance with the terms of said note in due

course of administration of the estate. It is from the judgment entered pursuant to the quoted findings of fact that this appeal is taken.

After a careful examination of the record before this court, we believe that, in the main, this appeal resolves itself solely into the question of whether or not the findings of fact are supported by the evidence.

The testimony shows that decedent for many years had been addicted to the habitual use of intoxicating liquors, but in spite of this the evidence is overwhelmingly to the effect that the decedent was a man of great independence and shrewdness in his business affairs; that he was of an exacting and domineering nature, and was accustomed to having his instructions carried out by those whom he employed. After plaintiff had been in decedent's employ some fifteen years, decedent and his wife became involved in marital difficulties, the plaintiff sympathizing with decedent and when a reconciliation was accomplished, it was only upon condition on the part of decedent's wife that plaintiff be dismissed. This condition was complied with, whereupon plaintiff undertook to establish herself as a practitioner in the legal profession. During this interval, decedent had employed various assistants but with no degree of satisfaction. In the early part of 1928, his then secretary became ill, and he besought plaintiff to return to him, and it was then that decedent and plaintiff entered into the agreement, evidenced by the terms of the note itself: "This note is made and accepted by the payee upon the agreement that she shall return to the employ of the undersigned," which was fully complied with by the plaintiff, who remained with the decedent until the time of his death.

The fact that plaintiff gave up other advantageous business and professional arrangements in order to return to decedent's employment, and did so return, is ample consideration for the execution of the note by decedent. There is nowhere in the record any uncontradicted or compelling evidence that would justify the contention made by appellant that the execution of the note was obtained by undue influence exerted upon decedent by the plaintiff.

We are of the opinion that the findings of fact and the judgment are amply supported by the evidence. We find no merit in the other points raised by appellant, i. e., that

the action was prematurely brought, and that the court erred in admitting certain evidence, in rejecting evidence and in striking evidence from the record, and for that reason we will dispense with a discussion of them.

The judgment is affirmed.

Conrey, P. J., concurred, and Houser, J., concurred in the judgment.

A petition for a rehearing of this cause was denied by the District Court of Appeal on September 7, 1934, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on October 15, 1934.